UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CYNTHIA G. PENNINGTON,

                Plaintiff,            **MOTION FOR CONSOLIDATION**

-vs-                                           Civ. No. 13-CV-6480
                                              Civ. No. 13-CV-6304

CITY OF ROCHESTER, and
LIEUTENANT ERIC PAUL,
In His Official and Individual Capacity,



AND

COUNTY OF MONROE, and
DEPUTY G. WILCZAK,
In His Official and Individual Capacity,

                Defendant(s),

---

**PLAINTIFFS MOTION FOR CONSOLIDATION AND MOMORANDUM OF LAW IN SUPPORT THEREOF**

This action is being brought pursuant to Federal Rules of Civil Procedure: Rule 42 Consolidation; Separate Trials. The Plaintiff, Cynthia G. Pennington, hereby moves the court to consolidate the following two actions, City of Rochester, and Lieutenant Eric Paul, Civil Case No.: 13-cv-6304, and County of Monroe, and Deputy G. Wilczak, Civil Case No.: 13-cv-6480. Both civil cases are pending in this district: The two incidents involve very similar facts and legal issues. These actions involve common questions of law and fact and are appropriate for Consolidation Rule 42(a) of the Federal Rules of Civil Procedure provides that: When actions involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all of the matters in issue in the action; it may order the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay. The purpose of Rule 42(a) "...is to give the Court broad discretion to decide how cases on its docket are to be tried so that the business of the Court may be dispatched with expedition and economy while providing justice to the parties." C. Wright and A. Miller, Federal Practice and Procedure, Section 2381 (1971); Hines v. Hillside Children's Center, 73 F.Supp.2d 308, 310 (W.D.N.Y. 1999) (consolidating three separate plaintiffs' actions involving same facts and legal issues against common defendants). Even if there are some questions that are not common, consolidation is not precluded. Batazzi v. Petroleum Helicopters, Inc., 664 F. 2d, 49, 50 (5th Cir. 1981); Popejoy v. Fladung, 14 F.R.D. 450 (W.D.Mo. 1953) (no danger of confusing jury on each plaintiff's damage claims, citing Second Circuit cases); See Central Motor Co. v. United States, 583 F. 2d, 470 (10th Cir. 1978).

These actions are substantially related for purposes of consolidation. Where, as here, separate

"suits arise from the same operative facts, and substantially the same witnesses will testify in both cases, consolidation is particularly appropriate and will serve the purpose of `trial convenience and economy in administration.'" De Figueiredo v. Trans World Airlines, Inc., 55 F.R.D. 44, 46 (S.D.N.Y. 1971) (ordering consolidation). Although they were initiated as separate actions, these cases involve almost identical facts involving the same defendants and raise identical legal issues. It is anticipated that the majority of the witnesses will overlap in these cases and many of the exhibits will be identical. The Court has broad discretion in determining whether consolidation is practical. Atlantic States Legal Foundation, Inc. v. Koch Refinancing Company, 681 F. Supp. 609, 615 (D. Minn., 1988). In exercising this discretion, the Court should weigh the time and effort consolidation would save with any inconvenience or delay it would cause. Hendrix v. Raybestos-Manhattan, Inc. 776 F. 2d 1492, 1495 (11th Cir. 1985).

These two civil cases present a strong case for consolidation. Combining these cases will prevent duplicative proceedings, thus saving the Court and the party substantial resources. Conclusion in the interest of efficiency and judicial economy, the Plaintiff, Cynthia G. Pennington, requests that the Court grant a Motion to Consolidate the following two actions: Cynthia G. Pennington vs City of Rochester and Lieutenant Eric Paul AND Cynthia G. Pennington vs the County of Monroe and Deputy G. Wilczak.

## FACTS

The Plaintiff's minor son, Nate Pennington, dated Nicole Paul, the 17 year old daughter of Eric Paul, a Lieutenant in the City of Rochester Police Department. Sometime in early July of 2012, Nicole decided she wanted to be "just friends" with Nate. Nate still hung around the Paul family.

During the Labor Day weekend of 2012, the Plaintiff and her family went camping. On Sunday, September 2, 2012, Plaintiff was at her parent's campsite when she noticed a black Ford Mustang driving through the camping area. The Plaintiff went outside, grabbed a chair, and faced it toward the roadway and waited to see if the Mustang would drive by again. Approximately twenty minutes later, Plaintiff saw the black Mustang passing by her parent's site and she screamed out "ERIC". The Plaintiff then heard Lt. Eric Paul reply, "I hear you but I don't know where you are at." The Plaintiff was in disbelief to think that Lt. Eric Paul was stalking the Plaintiff and her family at a campsite on Labor Day weekend. Plaintiff jumped out of her chair and asked Lt. Eric Paul why he was there at her parent's remote campsite. Lt. Eric Paul said he was doing a "welfare check" on Nate. Plaintiff said to Lt. Eric Paul to stay away from her family, which he refused to do.

Thereafter, on or about September 13, 2012 at approximately 11:18pm, Plaintiff was sound asleep in her home in Brockport, New York. Without a warrant, or probable cause, Lt. Eric Paul and Deputy G. Wilczak illegally entered the Plaintiff's home without warning. Plaintiff was then abruptly awakened by Lt. Eric Paul *screaming* her name in her ear. Terrified and startled, Plaintiff sat up quickly and demanded to know why Lt. Eric Paul and Deputy G. Wilczak had

illegally entered her home, and was now, inexplicably, screaming in her ear. Plaintiff looked over at Deputy G. Wilczak, the other police officer to the right of her, because she was trying to see what his name was, but it was too dark. Lt. Eric Paul stated that he had a right to enter the premises on a purported "welfare check", further stating "we knocked at your door and yelled for you through the windows," which, as a side bar, were all closed, further stating erroneously that "[Plaintiff] would not answer." Plaintiff told Lt. Eric Paul and Deputy G. Wilczak to leave her residence immediately. Both Lt. Eric Paul and Deputy G. Wilczak moved quickly to go out the front door of the Plaintiff's house. As they were leaving, Lt. Eric Paul threatened Plaintiff *"If you text my daughter again, I will come and put the handcuffs on you and arrest you myself."*

Plaintiff was hysterical, but determined to call 911 to complain that her house had just been broken into. Plaintiff stood on her porch waving at the police officers, who stayed on the street, in their cars behind the bushes. Plaintiff's sister showed up prior to the police entering her property line. A 3rd Monroe County Sheriff showed up but never entered the house.

Not sure of their names, the first thing Plaintiff is told that "they" (meaning Lt. Eric Paul and Deputy G. Wilczak) "had the right to enter [her] home".

Plaintiff was advised to have "no contact" with Lt. Eric Paul and his family, but no action was taken with regard to the illegal intrusion into her home by Lt. Eric Paul and Deputy G. Wilczak, who then authored a false police report to cover the actions of the notoriously rogue Lt. Eric Paul.

Defendants had no legitimate reason to subject Plaintiff to any of the aforementioned actions. As a Deputy Sheriff of the County of Monroe, Defendant Deputy G. Wilczak and as a Lieutenant of the Rochester Police Department, Defendant, Lieutenant Eric Paul owed a duty to the Plaintiff to act in accordance with their roles as Police Officers, duly sworn to keep citizens such as Plaintiff free from the very conduct they engaged in, and otherwise grossly offensive conduct. In engaging in the conduct described, by illegally entering the private residence of the Plaintiff, Defendants Deputy G. Wilczak and Lieutenant Eric Paul deprived Plaintiff of her civil rights pursuant to 42 U.S.C. $1983. Further, as a Deputy Sheriff employed by the Defendant, County of Monroe, Defendant Deputy G. Wilczak and as a Lieutenant employed by the Defendant, City of Rochester, they were acting under the color of state law. Such deprivations were in violation of the rights secured to Plaintiff by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C. $1983.

Dated:  December 4, 2013  
        Brockport, NY

By: *Cynthia G. Pennington* (signature)  
Cynthia G. Pennington  
2610 Colby Street  
Brockport, NY 14420  
585-233-5117  
Flight_training2003@yahoo.com

Revised 05/01 WDNY

# AFFIRMATION OF SERVICE
(If you are **not** having your signature notarized, use this form)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Cynthia G. Pennington,

vs.                   Plaintiff(s),

County of Monroe and Deputy G. Wilczak In His Official and Individual Capacity City of Rochester, and Lieutenant Eric Paul, In His Official and Individual Capacity.
                      Defendant(s).

AFFIRMATION OF SERVICE

_____-CV-_____

---

I, (print your name) Cynthia G. Pennington, served a copy of the attached papers (state the name of your papers) Motion For Consolidation

_____ upon all other parties in this case
by mailing __X_____ by hand-delivering _____ (check the method you used)

these documents to the following persons (list the names and addresses of the people you served)

City of Rochester - 30 Church Street, Rochester NY 14614
Lieutenant Eric Paul - 185 Exchange Boulevard, Rochester NY 14614
County of Monroe - 409 County Office Building 39 West Main St. Rochester NY 14614
Deputy G. Wilczak - 130 South Plymouth Avenue, Rochester NY 14614

on (date service was made) December 6 2013

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information and belief.

Executed on  12/16/13                   Cynthia M. Pennington
             (date)                        (your signature)