UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────

CYNTHIA G. PENNINGTON,

              Plaintiff(s),        DECISION & ORDER
v.                                                13-CV-6304

CITY OF ROCHESTER, et al.,

              Defendant(s).
─────────────────────────────────

### Preliminary Statement

Pro se plaintiff brings this 42 U.S.C. § 1983 action against defendants City of Rochester, Lieutenant Eric Paul, County of Monroe, and Deputy G. Wilczak, for alleged acts of gross negligence. See Complaint (Docket # 1). Plaintiff alleges, inter alia, that defendant Paul "stalked" her, illegally entered her home, harassed and threatened her. See id. Currently pending before the Court are plaintiff's motions to appoint counsel (Docket # 12) and to compel discovery (Docket ## 25, 30).

### Discussion

**1. Plaintiff's motion to appoint counsel**

With the instant motion to appoint counsel, plaintiff claims that the appointment of counsel is necessary because she cannot afford another[1] attorney because her "income dropped considerably

---

[1] Plaintiff was originally represented by attorney Christina A. Agola, Esq. By Order dated November 21, 2013, Ms. Agola's request "to withdraw from any action" (including the instant

in July 2013" and because she does not "have the experience in court." (Docket # 12). For the reasons that follow, plaintiff's motion for appointment of counsel (Docket # 12) is **denied without prejudice to renew**.

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). An assignment of counsel is a matter within the judge's discretion. In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). "There is no requirement that an indigent litigant be appointed pro bono counsel in civil matters, unlike most criminal cases." Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). The factors to be considered in deciding whether or not to assign counsel were set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986):

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment

---

action) was granted on grounds that Ms. Agola's license to practice law was suspended on September 13, 2013. See Order (Docket # 4). As a result, Ms. Pennington has been proceeding *pro se* since November 21, 2013.

2

>    of counsel would be more likely to lead to
>    a just determination.

Applying the factors set forth in <u>Hodge</u>, I find that plaintiff's allegations satisfy the initial threshold showing of merit, but I conclude, however, that appointment of counsel is not warranted at this particular time. "Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." <u>Cooper v. A. Sargenti Co.</u>, 877 F.2d 170, 172 (2d Cir. 1989). The factors to be considered in ruling on a motion for the appointment of counsel include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." <u>Id.</u> On the record currently before the Court, plaintiff has not made an adequate showing that all these factors warrant the appointment of counsel. Indeed, other than plaintiff's claimed lack of funds, there are no factors currently supported by the record that warrant the appointment of counsel.

At least at this point in time, Ms. Pennington has shown that she is capable of prosecuting her case. Plaintiff has drafted several coherent and appropriate motions, some of which were supported by legal research. Plaintiff is not a lawyer but she clearly has demonstrated an understanding of the litigation process. At this juncture of the lawsuit, I find that she is capable of representing herself. <u>Castro v. Manhattan E. Suite</u>

Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003)(denying appointment of counsel after noting that "there is no indication that [plaintiff] lacks the ability to present his case"); Avent v. Solfaro, 210 F.R.D. 91, 93-94 (S.D.N.Y. 2002)(where plaintiff demonstrated his ability to present facts, draft pleadings and motions "backed by legal research," court declined to appoint counsel).

Given the limited resources available with respect to *pro bono* counsel, I also find no "special reason" why appointment of counsel at this stage would be more likely to lead to a just determination. See Harris v. McGinnis, No. 02 Civ. 6481(LTSDF), 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003)(application denied where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). The instant Decision is without prejudice and, accordingly, if plaintiff seeks to make another request for appointment of counsel in which she explains how all the factors listed above justify the appointment of counsel, she may do so. Plaintiff may consult with the Western District *Pro Se* Office attorneys for questions on process and procedure. Should Judge Geraci determine that the appointment of counsel would provide substantial assistance to plaintiff in responding to dispositive motions or presenting her case at trial, he may, of course, revisit the appointment of counsel issue at that time.

2. <u>Plaintiff's motions to compel</u>

With both of plaintiff's motions to compel (Docket ## 25, 30[2]), plaintiff seeks an Order compelling the defendants City of Rochester and Lt. Eric Paul to produce their mandatory initial disclosures.[3] Plaintiff points out that pursuant to the Court's Scheduling Order dated January 17, 2014, the parties were required to produce their initial disclosures by February 28, 2014. <u>See</u>

---

[2] Though plaintiff labeled Docket # 30 a "judicial subpoena duces tecum," based on the relief sought therein, the Court is treating Docket # 30 as a motion to compel.

[3] In her second motion to compel (Docket # 30), plaintiff also seeks certain additional documents not previously demanded on grounds that the defendants refused to produce their initial disclosures. Specifically, plaintiff seeks: (1) time sheets for Lt. Eric Paul on his shift on September 13, 2012, (2) time sheets for Lt. Eric Paul from August 12, 2012-September 12, 2012, (3) GPS coordinates of Lt. Eric Paul's Rochester Police Department-issued police car on September 13, 2012 at 11:18 p.m., (4) copies of the text messages of "the disturbing and unusual text messages to Eric Paul's family" as stated in the incident Report #12-156546, (5) all communication between the Monroe County Sheriff's Department and Lt. Eric Paul in relation to the September 13, 2012 incident, the name of the supervising officer that authorized the "welfare check" and grounds for it, and the reason why Lt. Eric Paul and Deputy Wilczak were at plaintiff's house, (6) any communication between the Monroe County Sheriff's Department, the Rochester Police Department, and the Rochester Police Department Professional Standards Section concerning the investigation of the incident, (7) the results of the investigation and what disciplinary actions have been taken concerning Lt. Eric Paul and Deputy Wilczak, (8) any information on Lt. Eric Paul and Deputy Wilczak concerning complaints filed against them or demotions, (9) a copy of the "Chief's Order of Protection" for Lt. Eric Paul to stay away from plaintiff's son, Nate Pennington, dated November 6, 2013, issued through the Rochester Police Department Professional Standards Section by Officer John Drew, and (10) a copy of the recording of the 911 call that plaintiff made on September 13, 2012. (Docket # 30).

5

Scheduling Order (Docket # 13). On February 26 and February 28, 2014, plaintiff and defendants County of Monroe and Deputy G. Wilczak timely produced their initial disclosures. <u>See</u> Docket ## 21, 23. As of the dates that plaintiff filed the instant motions to compel (March 21 and May 21, 2014), however, neither the defendant City of Rochester nor defendant Lt. Eric Paul had filed their Rule 26 disclosures.

On June 23, 2014, John M. Campolieto, Esq. entered a Notice of Appearance for the defendant City of Rochester, which had previously been represented by Igor Shukoff, Esq. (Docket # 37). On July 25, 2014, Mr. Campolieto filed the City's Rule 26 disclosures and its response in opposition to plaintiff's motions to compel. <u>See</u> Docket ## 39, 40. In his Affirmation dated July 25, 2014, Campolieto explains that the "City of Rochester Law Department has undergone significant change in personal [sic] in the past six months," and requests that the Court accept its untimely responses. <u>See</u> Affirmation of John M. Campolieto, Esq. (hereinafter "Campolieto Aff.") (Docket # 40) at ¶ 4. Campolieto further states that although the City was not formally served with the discovery demands outlined in plaintiff's second motion to compel (<u>see</u> <u>supra</u> note 3), he does "not currently object to obtaining and submitting those documents to the Plaintiff." <u>Id.</u> at ¶ 11. Campolieto avers that he has "requested this information and upon my receipt will review and submit them to the Plaintiff and if

6

deemed appropriate will make lawful objections to the Plaintiff explaining the objection." Id.

On June 26, 2014, defense counsel Lawrence J. Andolina, Esq. submitted an Affidavit in opposition to plaintiff's motions to compel on behalf of defendant Lt. Eric Paul. See Affidavit of Lawrence J. Andolina, Esq. (hereinafter "Andolina Aff.") (Docket # 38). However, as of this date, defendant Paul has not yet produced his mandatory initial disclosures.

The Court, having reviewed the plaintiff's motion papers (Docket ## 25, 30, 36), the defendants' responses in opposition (Docket ## 27, 35, 38, 40), as well as the Rule 26 mandatory disclosures that have been produced by the parties (Docket ## 21, 23, 39), hereby Orders that:

1. Plaintiff's motions to compel (Docket ## 25, 30) defendant Lt. Eric Paul to produce his initial disclosures is **granted**. Defendant Paul shall produce his initial disclosures within **thirty (30) days of entry of this Order**.

2. In accordance with the assurances made in his July 25th Affirmation, Mr. Campolieto is directed to produce the documents referred to in his July 25th Affirmation within **thirty (30) days of entry of this Order**.

3. In all other respects, plaintiff's motions to compel (Docket ## 25, 30) are **denied without prejudice to renew**. Plaintiff has not served any formal discovery demands on any of the

defendants. Thus, to the extent plaintiff seeks the discovery of documents not included in Rule 26(a)(1)'s initial disclosure requirements, plaintiff is advised to file formal discovery demands. Plaintiff may find it helpful to consult with the Western District's *Pro Se* Office attorneys for information on drafting and serving a document demand. The Court reminds plaintiff that pursuant to the most recent Scheduling Order (Docket # 41), the deadline to complete discovery is December 1, 2014 and, accordingly, the plaintiff is advised to file her discovery demands in the very near future.

## Conclusion

Plaintiff's motion to appoint counsel (Docket # 12) is **denied without prejudice to renew**. Plaintiff's motions to compel (Docket ## 25, 30) are **granted in part and denied without prejudice to renew in part**.

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   August 7, 2014
         Rochester, New York