UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CYNTHIA G. PENNINGTON,

                           Plaintiff,

v.

COUNTY OF MONROE,
DEPUTY G. WILCZAK,
In his Official and Individual Capacity,
CITY OF ROCHESTER and
LIEUTENANT ERIC PAUL,
In his Official and Individual Capacity,

                           Defendants.
_____

Case # 13-CV-6304-FPG

DECISION AND ORDER

Plaintiff Cynthia Pennington brings this consolidated action[1] pursuant to 42 U.S.C. § 1983, alleging that the Defendants, two law enforcement officers and two municipalities, violated her Constitutional rights.

The docket sheet in this case reflects that Defendants City of Rochester ("City") and Lieutenant Eric Paul ("Paul") were served on July 1, 2013, making their answers due respectively on July 22, 2013. *See* ECF No. 3. The City filed its Answer (ECF No. 5) on November 26, 2013 and Paul, acting *pro se*, filed his Answer on December 13, 2013 (ECF No. 10). On February 25, 2014, Paul's attorney also filed an Answer on his behalf. ECF No. 18. With the Court's permission, Defendants County of Monroe and Deputy G. Wilczak ("Wilczak") timely filed their Answer on December 20, 3013. *See* Case # 13-CV-6480, ECF No. 14.

Pennington subsequently requested that the Clerk of the Court enter default against Paul and the City pursuant to Fed. R. Civ. P. 55(a), ECF No. 20, and the Clerk indeed entered the requested default on February 27, 2014. ECF No. 22. Presently before the Court is Paul's

---

[1] Case 13-CV-6304 was originally brought against Defendants City of Rochester and Lt. Eric Paul, and Case 13-CV-6480 was originally brought against Defendants County of Monroe and Deputy G. Wilczak. Both cases were later consolidated under Case 13-CV-6304, and unless otherwise noted, all docket references in this Order are to that case.

Motion to Vacate the Entry of Default. ECF No. 33. Although I ordered any response from Pennington to be filed by June 20, 2014, she did not respond to the Motion.

A Clerk's entry of default may be set aside "for good cause." Fed. R. Civ. P. 55(c). The standard for setting aside the Clerk's entry of default is less rigorous than the "excusable neglect" standard for setting aside a default judgment pursuant to Rule 60(b). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). Under the *Meehan* test, the principal factors to be considered in the decision to relieve a party of a default are: (1) willfulness; (2) prejudice to the adverse party; and (3) the existence of a meritorious defense. *Id.* at 277. Since a Clerk's entry of default is a mandatory precondition to seeking a default judgment, I also note that the Second Circuit has "a strong preference for resolving disputes on the merits," *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005), and as such, "default judgments are generally disfavored and are reserved for rare occasions." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (quotation marks and citation omitted).

In support of his Motion to Vacate the Entry of Default, Paul's attorney states that he originally believed the City entered an answer on Paul's behalf, but subsequently discovered, after reviewing the paperwork produced by the City, that a conflict existed due to the City's claim in its Answer that Paul was working outside the scope of his employment as a City of Rochester police officer. ECF No. 33-1, ¶¶ 2-4. In view of this situation, Paul's attorney immediately drafted and filed a new answer with the Court indicating that Paul was working within the scope of his employment, which is the only difference between the two Answers. *Id.* at ¶¶ 4, 6. However, prior to filing the new answer, he became aware of the Entry of Default. *Id.* at ¶ 5. Citing the absence of prejudice to Plaintiff, or any party, given that the Answer has been filed, Paul's attorney requested that the Answer be accepted and the default be vacated. *Id.* at ¶¶ 7-8.

Here, as in *Meehan*, there is no basis to find that Paul's filing of an untimely answer was willful; no prejudice has been claimed by Pennington; and the denials and defenses set forth in Paul's Answer meet the low threshold of adequacy for purposes of Rule 55. As a result, Paul's Motion to Vacate the Entry of Default (ECF No. 33) is GRANTED, the Clerk's Entry of Default (ECF No. 22) as against Paul is VACATED, and Paul's Answer (ECF No. 18) is accepted as timely filed.

In addition, the Court raises *sua sponte* the question of whether the Clerk's Entry of Default as against the City should similarly be vacated. Although the Clerk's Default was entered over a year ago, Pennington has never moved for a default judgment against the City, and instead, it appears that these parties have engaged in the discovery process with each other. Since this issue is raised *sua sponte,* the parties are given until July 24, 2015 to address whether the Clerk's Entry of Default as against the City should similarly be vacated.

IT IS SO ORDERED.

DATED:   Rochester, New York
         July 8, 2015

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

3